UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHETTS

EASTERN DIVISION

| | |
|---|---|
| INSURANCE COMPANY OF GREATER NEW YORK, as subrogee of Regency Park Condominium Trust,<br><br>                              Plaintiff,<br><br>vs.<br><br>ENCORE HOLDINGS, LLC,<br><br>                              Defendant. | Civil Action No.: 1:25-cv-10795<br><br>**COMPLAINT FOR GROSS NEGLIGENCE; DEMAND FOR JURY TRIAL** |

Plaintiff Insurance Company of Greater New York, as subrogee of Regency Park Condominium Trust, for its Complaint against Defendant Encore Holdings, LLC, alleges:

### PARTIES

1. Plaintiff Insurance Company of Greater New York is an insurance company organized under the laws of and domiciled in the State of New York, with its principal place of business in the State of New York. Plaintiff is a citizen of New York and no other states.

2. Defendant Encore Holdings, LLC, is a limited liability company organized under the laws of and domiciled in the State of Rhode Island, with its principal place of business in the State of Rhode Island. Defendant is a citizen of Rhode Island and no other states.

### JURISDICTION AND VENUE

3. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)(2), and the Court has personal jurisdiction over Defendant, because Defendant conducts extensive business in the State of Massachusetts, the events and omissions giving rise to the claim occurred in this judicial district, and the property that is the subject of the action is situated in this judicial district.

## FACTUAL ALLEGATIONS

5. Defendant uses the tradename "Encore Fire Protection" in performing professional maintenance services for fire protection systems in commercial and residential buildings, including building in the State of Massachusetts.

6. Pursuant to an arrangement with Plaintiff's insured, the Regency Park Condominium Trust, Defendant was the exclusive provider of fire protection services at the Regency Park Condominiums located at 1731 Beacon Street, Brookline, MA 02445 (the "Regency Park Building").

7. In January 2024, Plaintiff's insured requested a quote from Defendant as its exclusive fire protection servicer, to replace roughly four dozen fire sprinkler heads in the Regency Park Building.

8. Defendant responded by providing a quote dated February 6, 2024, which is attached as **Exhibit 1** (the "Encore Quote").

9. The Encore Quote expressly confirmed that the only sprinkler heads that Defendant would replace at the Regency Park Building are ones that are "identified / marked by building management."

10. The Encore Quote was accepted and signed by Plaintiff's insured, thereby creating a binding contract between Plaintiff's insured and Defendant.

11. In February 2024, pursuant to the terms of the Encore Quote, Plaintiff's insured

2

marked all of the sprinkler heads that needed to be replaced with pieces of blue tape, and Defendant began replacing the tape-marked sprinkler heads.

12. In order to prevent the sprinkler heads from discharging as they were being removed and replaced, Defendant shut off the water supply to the sprinkler heads on a particular floor before commencing the replacement of the heads on that floor.

13. On February 22, 2024, Defendant's employees went into a trash room on the fifteenth floor of the Regency Park Building where a ***non-marked*** sprinkler head was located. Despite the sprinkler head not being "identified / marked by building management" with blue tape and despite not having shut off the water supply to the sprinkler head, Defendant's employees proceeded to remove the sprinkler head. In so doing, they activated the sprinkler head, causing a copious discharge of water that flooded the Regency Park Building.

14. Prior to tampering with the sprinkler head in the fifteenth floor trash room, when Encore personnel located an unmarked sprinkler head that they felt needed to be replaced (despite not being marked with blue tape), they discussed it with Regency Park Building personnel for approval to replace the unmarked sprinkler head. They did not do that for the sprinkler head in the fifteenth floor trash room. They just replaced it.

15. Prior to starting its work, Defendant failed to inform its employees that the sprinkler heads in the trash rooms in the Regency Park Building are on a separate water supply line from the other sprinkler heads in the building or, despite being the Regency Park Building's exclusive fire protection servicer, did not bother to familiarize itself with the fire sprinkler design in the building. Either way, Defendant was grossly negligent and incompetent in the replacement of sprinkler heads under the Encore Quote.

16. Defendant was also grossly negligent and incompetent in the replacement of sprinkler heads under the Encore Quote because the sprinkler head they activated had not been

3

marked with blue tape, and never should have been touched in the first place. Defendant did not replace any other unmarked sprinkler head in any other trash room in the building that day.

17. Defendant was also grossly negligent in not adequately instructing and supervising its employees to make sure they did not violate the terms of the Encore Quote, and attempt to replace non-marked sprinkler heads connected to an active water supply.

18. Defendant was also grossly negligent and incompetent in not communicating with Regency Park Building personnel concerning a situation that clearly fell outside the scope of the terms of the Encore Quote, to wit, replacing an unmarked/untaped sprinkler head in a trash room.

19. As the direct and proximate result of Defendant's gross negligence, the Regency Park Building suffered extensive flooding and water damage.

20. Defendant was so grossly negligent in the performance of services under the Encore Quote that, under Massachusetts law, its conduct is not covered or excused by any limitation of liability provision under any agreement or contract between Plaintiff's insured and Defendant. The extent of Defendant's negligence, and whether it rises to the level of gross negligence under Massachusetts law, is a question for the jury. *See Altman v. Aronson*, 231 Mass. 588 (1919).

21. At the time of the sprinkler discharge on February 22, 2024, Plaintiff insured the Regency Park Building under a commercial insurance policy with Policy No. 6120M32081 and a Policy Period of December 30, 2023, to December 30, 2024 (the "GNY Insurance Policy").

22. After the sprinkler discharge incident, Plaintiff received, adjusted, and paid a claim by its insured, the Regency Park Condominium Trust under the GNY Insurance Policy for the property damage and financial losses caused by Defendant's gross negligence and incompetence in the amount of $533,229.99, which is the amount sought by Plaintiff in this case.

23. By virtue of paying its insured for the damage caused by the sprinkler discharge

incident, Plaintiff is now subrogated to all of the rights of recovery its insured has against Defendant as the party responsible for causing the sprinkler discharge incident and resulting damage.

## CLAIM FOR GROSS NEGLIGENCE

24. Plaintiff incorporates by reference the allegations in paragraphs 1 through 23.

25. As a professional service provider for fire protection systems, Defendant owed a legal duty of care to Plaintiff's insured to exercise the level of skill, watchfulness, and circumspection expected and required of a professional fire protection service provider of ordinary prudence under similar circumstances, which included taking all reasonable and necessary steps to ensure that it and its employees were familiar with the sprinkler system they were being paid to service and would not cause harm to the Regency Park Building through careless or reckless acts or omissions, including violating their standard practice (and the terms of the Encore Quote) to replace non-marked sprinkler heads that might have been connected to an active water supply without first communicating with Plaintiff's insured.

26. Specifically, Defendant breached its duty of care to Plaintiff's insured by:

   a. Failing to familiarize itself with the fire sprinkler system of the building for which it was responsible as the exclusive provider of fire protection system services;

   b. Disregarding the express terms of the Encore Quote, the only contract between the parties that applied to and controlled Defendant's work on the sprinkler head replacement work at the Regency Park Building;

   c. Failing to instruct and supervise its employees during the sprinkler head replacement work to ensure that they followed the terms of the Encore Quote and did not do anything careless or reckless (such as replace unmarked/untaped sprinkler heads in a trash room that was on a separate water supply line);

   d. Failing to communicate with the Regency Park Building personnel on discovering an untaped/unmarked sprinkler head in a separate trash room before unilaterally removing the sprinkler (in contravention of their established practice of first communicating with the Regency Park

      Building personnel).

27.    Defendant's negligence in this matter is substantially and appreciably higher in magnitude than ordinary negligence.  It is very great negligence with the absence of slight diligence or even scant care, and amounts to indifference to its present legal duty and utter forgetfulness of legal obligations so far as other persons may be affected.  Defendant's negligence in this matter qualifies as gross negligence under Massachusetts law.

28.    Defendant's gross negligence was the foreseeable, direct, legal, and proximate cause of the sprinkler discharge in the Regency Park Building on February 22, 2024, and the resulting damages to Plaintiff and its insured.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment for Plaintiff and against Defendant as follows:

    a. An award of monetary damages to Plaintiff in an amount according to proof;

    b. Pre-judgment and post-judgment interest as allowed by law;

    c. Costs of suit;

    d. Such further relief as the Court may deem just and proper.

DATED:  April 3, 2025

Marie Cheung-Truslow, Esq. BBO 558659

LAW OFFICES OF MARIE CHEUNG-TRUSLOW

Law Offices of Marie Cheung-Truslow
Phone Number: (617) 777-4748
Fax Number: (617) 533-1940
marie@cheungtruslowlaw.com

Office Address:
101 Arch Street, 8th Floor
Boston, MA 02110

Mailing Address**:**
19 Tobisset Street
Mashpee, MA 02649

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Procedure 38, Plaintiff hereby demands a jury trial of all issues so triable.

DATED:  April 3, 2025

_____
Marie Cheung-Truslow, Esq. BBO 558659

LAW OFFICES OF
MARIECHEUNG-TRUSLOW

Law Offices of Marie Cheung-Truslow
Phone Number: (617) 777-4748
Fax Number: (617) 533-1940
marie@cheungtruslowlaw.com

Office Address:
101 Arch Street, 8th Floor
Boston, MA 02110

Mailing Address**:**
19 Tobisset Street
Mashpee, MA 02649